## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**, <br><br> v. <br><br> **MARCUS PETTIFORD, a.k.a. Marquis Hines**, <br><br> Defendant. | No. 18-cr-177 |

## MEMORANDUM OPINION

Defendant Marcus Pettiford moves to reduce his sentence by thirteen months in light of Amendment 821 to the Sentencing Guidelines. *See* Def.'s Mot. to Reduce Sentence, ECF No. 35 ("Def.'s Mot."). For the reasons set forth below, the court will GRANT IN PART and DENY IN PART the motion and reduce Defendant's sentence by ten months.

## I. BACKGROUND

### A. Legal Background

To reduce sentencing disparities, "Congress directed the United States Sentencing Commission . . . to establish the [Sentencing] Guidelines." *Molina-Martinez v. United States*, 578 U.S. 189, 192 (2016). Although a sentencing court is "not bound to apply the Guidelines," the court "must consult those Guidelines and take them into account." *United States v. Booker*, 543 U.S. 220, 264 (2005). To do so, the "court must determine," "at the outset" of each sentencing, "the [defendant's] applicable Guidelines range." *Molina-Martinez*, 578 U.S. at 193. "The applicable Guidelines range is based on the seriousness of the defendant's offense (indicted by his 'offense level') and his criminal history (indicated by his 'criminal history category')." *Id.*

This case concerns Defendant's criminal history category, which "is determined by the number of his criminal history points." *Nichols v. United States*, 511 U.S. 738, 740 n.2 (1994). A defendant receives points for each of his prior offenses, which establishes his criminal history subtotal. *Rosales-Mireles v. United States*, 585 U.S. 129, 134 (2018). Before November 1, 2023, a defendant also received two so-called status points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1 (effective through Oct. 31, 2023). Although status points were meant in part to help predict a defendant's risk of being a repeat offender, research conducted by the Sentencing Commission showed that "the status points provision only minimally improves the overall recidivism predictivity of the criminal history score." U.S. SENT'G COMM'N, REVISITING STATUS POINTS at 18 (2022), https://perma.cc/XS54-P38S. Specifically, "status points improve the criminal history score's successful prediction of rearrest for only 15 out of 10,000 offenders." *Id.*

In 2023, the Sentencing Commission amended the Guidelines "to limit the overall criminal history impact of 'status points.'" U.S.S.G. § 1B1.10 cmt. 7. As a result of Part A of Amendment 821, "a defendant with [a criminal history subtotal of] six or [less] no longer receives any status points, and a defendant with [a subtotal of] seven or more . . . receives only one status point." *United States v. Rosebar*, --- F.4th ---, 2025 WL 3210291, at *2 (D.C. Cir. 2025). The Sentencing Commission further determined that Part A of Amendment 821 should apply retroactively. *See* 88 Fed. Reg. 60534, 60536 (Sept. 1, 2023). As a result, defendants who received status points under the prior Guidelines may move for a sentence reduction if their reduced criminal history score has the effect of lowering their Guidelines range. *See* 18 U.S.C. § 3582(c)(2) (providing that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission" may move for a sentence reduction); *see also* U.S.S.G. § 1B1.10(a)(2)(A), (d) (providing that a sentence reduction is authorized under 18 U.S.C. § 3582(c)(2) only if the Sentencing Commission makes the Amendment retroactive).

### B. Factual Background and Procedural History

In October 2018, Defendant pleaded guilty to a three-count superseding information for (1) unlawful possession with the intent to distribute 100 grams or more of heroin; (2) unlawful possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack; and (3) using, carrying, and possessing a firearm in relation to or in furtherance of a drug trafficking offense. *See* Statement of Offense, ECF No. 17; *see also* Min. Entry (Oct. 29, 2018).

At sentencing in February 2019, the court determined that Defendant had a criminal history subtotal of five points. Final Presentence Report at 19, ECF No. 25; *see also* Statement of Reasons at 1, ECF No. 31 (adopting the Final Presentence Report without change). Because Defendant committed the instant offenses while "in warrant status for a parole violation," the court added two status points under the pre-Amendment Guidelines. Final Presentence Report at 19. Defendant's total criminal history score of seven placed him in criminal history category four. *See* U.S.S.G. ch. 5, pt. A – Sent'g Table. Based on this criminal history category and a total offense level of 23, Defendant's Guidelines range was 70–87 months imprisonment for Counts 1 and 2 and a consecutive sentence of 60 months for Count 3—for a total Guidelines range of 130–147 months. *See* Final Presentence Report at 7, 28. Under the applicable statutes, Count 1 carried a mandatory minimum sentence of 60 months, *see* 21 U.S.C. § 841(b)(1)(B)(i), and Count 3 carried a mandatory consecutive sentence of at least 60 months. *See* 18 U.S.C. § 924(c).

The court found that a low-end Guidelines sentence was appropriate and sentenced Defendant to 70 months on Counts 1 and 2, and 60 months on Count 3, to be served consecutively, for a total sentence of 130 months. *See* Judgment at 3, ECF No. 30. Defendant now moves for a thirteen-month reduction in his sentence in light of Amendment 821. *See* Def.'s Mot. at 2–3. Defendant emphasizes his significant efforts at rehabilitation while imprisoned, including his participation in substance abuse counseling and continuing education programs. *See id.* at 4–5; *see also* Def.'s Mot. Ex. 1 at 5, 7, 10, ECF No. 35-1. The Government indicated its opposition to defense counsel but did not file any response. *See* Def.'s Mot. at 1.

## II.      LEGAL STANDARDS

"As a general rule, a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Long*, 997 F.3d 342, 347 (D.C. Cir. 2021) (quoting 18 U.S.C. § 3582(c)). "However, a district court may reduce a defendant's term of imprisonment if [his] sentencing range 'has subsequently been lowered by the Sentencing Commission.'" *Rosebar*, 2025 WL 3210291, at *2 (quoting 18 U.S.C. § 3582(c)(2)). To determine whether such a reduction is authorized and appropriate, the court must follow "a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one," the statute "requires the court to follow the Commission's instructions in [U.S.S.G.] §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. At step two, the statute "instructs [the] court to consider . . . whether, in its discretion," a reduction "is warranted in whole or in part" in light of the sentencing factors set out in 18 U.S.C. § 3553(a). *Id.*

## III. DISCUSSION

### A. Defendant is Eligible for a Sentence Reduction

At step one, a defendant is eligible for a sentence reduction based upon an Amendment to the Guidelines if (1) the Amendment applies retroactively and (2) the Amendment has "the effect of lowering the defendant's applicable guideline[s] range." U.S.S.G. § 1B1.10. If both requirements are met, the court may grant a sentence reduction, but the court generally may not reduce the sentence to a term that is less than the minimum of the amended Guidelines range. *Id.*

The court agrees that Defendant is eligible for a sentence reduction. The Sentencing Commission made Part A of Amendment 821 retroactive. *See* 88 Fed. Reg. at 60536; *see also* U.S.S.G. § 1B1.10(d). And that provision has the effect of lowering Defendant's Guidelines range. Specifically, because Defendant would no longer receive any status points under the amended Guidelines, *see* U.S.S.G. § 4A1.1, he now falls within criminal history category three, which reduces his Guidelines range for Counts 1 and 2 from 70–87 months to 57–71 months. *See* U.S.S.G. ch. 5, pt. A – Sent'g Table.

However, the court cannot reduce Defendant's sentence as much as he requests because Count 1 carries a mandatory minimum of 60 months, *see* 21 U.S.C. § 841(b)(1)(B)(i), and the court may not reduce a sentence under 18 U.S.C. § 3582(c)(2) to a term that is less than the mandatory minimum prescribed by statute. *United States v. Branch*, 653 F. Supp. 2d 112, 114 (D.D.C. 2009) (citing *United States v. Profeta*, No. 01-303, 2001 WL 1488668, at *1 (D.C. Cir. 2001)). That is so even if the minimum of the Guidelines range is below the statutory minimum. *See Dorsey v. United States*, 567 U.S. 260, 266–67 (2012) ("[O]rdinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set

forth in a statutory mandatory minimum.").  Therefore, the court may only reduce the Defendant's sentence on Counts 1 and 2 by ten months to the statutory minimum of 60 months.

## B.  A 10-Month Sentence Reduction is Warranted

Even if a Defendant is eligible for a sentence reduction, the court must still determine whether such a "reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  *Dillon*, 560 U.S. at 826.  Those factors include "the nature and circumstances of the offense," as well as "the history and characteristics of the defendant."  18 U.S.C. § 3553(a). "The court may consider post-sentencing conduct of the defendant."  U.S.S.G. § 1B1.10 cmt. 1(B)(iii).  Indeed, "extensive evidence of [a defendant's] rehabilitation since his initial sentencing is clearly relevant" because it "provides the most up-to-date picture of [the defendant's] 'history and characteristics.'"  *Pepper v. United States*, 562 U.S. 476, 491–92 (2011) (quoting 18 U.S.C. § 3553(a)(1)).  That said, a defendant's "progress" must be considered alongside the other factors and is not dispositive.  *Cf. United States v. Lassiter*, 1 F.4th 25, 32 (D.C. Cir. 2021).

A ten-month sentence reduction is warranted.  Although Defendant's underlying crimes and prior criminal history are serious, the court determined at sentencing that a low-end Guidelines range sentence of 70 months on Counts 1 and 2 was sufficient but no greater than necessary to achieve the purposes of sentencing.  In light of new research regarding the inefficacy of the status points which significantly increased Defendant's Guidelines range and extensive evidence of Defendant's rehabilitation, the court believes it is appropriate to reduce Defendant's sentence to the statutory mandatory minimum of 60 months.

**IV.    CONCLUSION**

For the reasons stated above, the court will GRANT IN PART and DENY IN PART

Defendant's motion for a sentence reduction.  A separate order will follow.

Date: December 8, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge